UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 25-CV-20137-GAYLES/GOODMAN

PAUL DANIELS,

          Plaintiff,

v.

MARTIN CROTTY, HARRISON MACRIS, BRADLEY WERNTZ, PRINCETON CARBON WORKS INC., a Florida corporation, and PRINCETON CARBONWORKS, INC., a Delaware corporation,

          Defendants.

**DEFENDANTS' MOTION TO STAY RULE 16, RULE 26 OBLIGATIONS AND MERITS-BASED DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS**

      Defendants, Martin Crotty ("Crotty"), Harrison Macris ("Macris"), Bradley Werntz ("Werntz"), and Princeton CarbonWorks, Inc., a Delaware corporation ("PCW-DE," together with Crotty, Macris, and Werntz, "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b)(1) and applicable authorities, hereby move this Court for an Order staying their Rule 16, Local Rule 16.1, Rule 26(a)(1) obligations, including the Court's Paperless Order Requiring Joint Scheduling Report and Proposed Scheduling Order [D.E. 15] and merits-based discovery. The Defendants have a pending, case dispositive Joint Motion to Dismiss [D.E. 13] which seeks dismissal of the entire complaint for improper venue and lack of personal jurisdiction. Additionally, the dispute between Plaintiff and PCW-DE is now pending in another federal court, after Plaintiff removed PCW-DE's Delaware state court action to the Federal District Court in Delaware. This circumstance warrants a temporary stay until this Court rules on the pending Federal Rule 12(b)(2) and 12(b)(3) issues.

I.     **SUMMARY OF ARGUMENT**

Good cause exists to stay the Parties' Rule 16, Rule 26(a)(1) obligations and merits-based discovery pending resolution of Defendants' Joint Motion to Dismiss premised on improper venue and lack of personal jurisdiction. If granted, the Motion to Dismiss would dispose of the action, making a stay of discovery appropriate under well-established precedent. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). A stay will prevent undue burden and expense and avoid costly merits-based discovery[1] that would not be required if the case is dismissed. There is also no prejudice by granting the stay. The Plaintiff waited more than six months to file suit here after a corporate merger which forms the basis for his claims. Finally, the dispute between Plaintiff and PCW-DE has since been removed to the Federal District Court in Delaware and, thus, Plaintiff has chosen to have another federal court serve as a forum.

II.     **BACKGROUND**

    A.     **Nature of The Disputes Pending in Florida and Delaware**

This lawsuit arises from a merger between Princeton Carbon Works Inc., a Florida corporation ("PCW-FL") and Princeton CarbonWorks, Inc., a Delaware corporation ("PCW-DE"), which occurred on June 21, 2024. *See* Compl. ¶¶ 9, 46. PCW-DE was the surviving entity. Compl. ¶ 46. Plaintiff was provided notice of the merger and offered fair value for his shares in PCW-FL. Plaintiff rejected the value offered and then withdrew from the statutory appraisal process. Compl. ¶ 49. In sum, Plaintiff and PCW-DE are in a dispute regarding Plaintiff's rights in PCW-DE and or the value of Plaintiff's shares in PCW-FL prior to the merger. Accordingly, on January 9, 2025,

---

[1] To the extent that Plaintiff seeks to conduct limited jurisdictional discovery, Defendants do not seek to stay such discovery, because it is routinely permitted. *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). See *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (Gayles, J.) (permitting only targeted jurisdictional discovery while staying all other forms of discovery).

PCW-DE filed a declaratory judgment action in Delaware Chancery Court. [D.E. 13-3, ¶ 30]. On January 31, 2025, Defendants filed their Motion to Dismiss. [D.E. 13]. Also, on January 31, PCW-DE's counsel in Delaware was notified that a Notice of Removal was filed by Daniels' Delaware counsel, seeking removal to the United States District Court of Delaware. *See* **Exhibit 1.** The federal action in Delaware is styled *Princeton Carbonworks, Inc. v. Paul Daniels,* Case No. 25-CV-00131-UNA. On Monday, February 3, this Court issued its Order Requiring Joint Scheduling Report and Proposed Scheduling Order [D.E. 15].

None of the Parties reside in Florida, nor are there sufficient contacts with Florida. The requirements to maintain venue are also not met to lay venue in this District. These grounds form the basis of the Defendants' Motion to Dismiss and they present legitimate challenges to jurisdiction and venue that could end the judicial labor for this Court.[2]

## III.   LEGAL STANDARD

The Eleventh Circuit has long held that "district courts enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama*, 123 F.3d at 1366, including the "broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 683 (1997). This broad discretion extends to staying both merit-based discovery and other pretrial obligations, including Rule 16 conference deadlines, where threshold jurisdictional challenges are pending. Fed. R. Civ. P. 26(c)(1); *See Faller v. Beasley Broad. Grp., Inc.*, No. 2:24-CV-606-SPC-KCD, at *1 (M.D. Fla. Sept. 11, 2024) (granting stay of "discovery and case management conferral obligations" where motion to dismiss raised jurisdictional challenges that "must be resolved before Defendants are burdened with discovery and other pretrial

---

[2] Defendants have also moved for dismissal of all claims in the Complaint based upon Rule 12(b)(6). Although, the relief they seek herein is based on the Rule 12(b)(2) and 12(b)(3) arguments raised in their Motion to Dismiss.

3

obligations"); *Brooks v. Event Ent. Grp., Inc.*, No. 20-22185-CIV, 2020 WL 5535346 (S.D. Fla. Sept. 15, 2020) (Scola, J.) (staying Local Rule 16.1 conference and discovery requirements pending motion to compel arbitration where: (1) arbitration motion could dispose of entire case; (2) requiring discovery could suggest waiver of arbitration rights; and (3) court's "preliminary peek" suggested motion was meritorious).

The Eleventh Circuit has consistently held that facial challenges to jurisdiction should be resolved before broad discovery begins. *Chudasama*, 123 F.3d at 1367. This principle has been repeatedly reaffirmed, with courts recognizing that "there was no need for discovery before the district court ruled on [dispositive] motions." *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002).

A stay of discovery is appropriate where the movant shows "good cause and reasonableness." *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010). Courts have consistently held that "good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (internal quotations omitted). The moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. at 685 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

When a party requests discovery be stayed, the Court should undertake a "preliminary peek" at the merits of the jurisdictional challenge. *See Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)(Scola, J.); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994-RAR, 2021 WL 10428229, at *3 (S.D. Fla. Oct. 9, 2021) (Ruiz, J.) (explaining that the relevant inquiry is whether defendants present "legitimate challenges" to jurisdiction that should be resolved before discovery commences). This involves weighing "the

4

likely costs and burdens of proceeding with discovery" against the possibility that the motion will be granted and eliminate the need for discovery entirely. *McCabe*, 233 F.R.D. at 685. Where, as here, the jurisdictional defects are clear, permitting even limited jurisdictional discovery would impose unnecessary costs and burdens on Defendants. *See id*. As the Eleventh Circuit has acknowledged, allowing discovery to proceed before threshold jurisdictional issues are decided "encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Chudasama*, 123 F.3d at 1368.

As set forth below, a stay of Rule 16, Rule 26(a)(1) obligations and merits-based discovery is warranted and appropriate under these circumstances.

IV. **DEFENDANTS SATISFY THE STANDARD TO OBTAIN A STAY**

    A. **The Court Should Use its Discretion to Grant the Motion to Stay**

This Court has "broad discretion in deciding how best to manage the cases before them." *Chudasama*, 123 F.3d at 1366. Three factors support a stay here.

After the filing of the Complaint here, Plaintiff initiated removal of a Delaware state court action to the Delaware District Court. The action involves similar issues and the two critical parties, Daniels and PCW-DE. Parallel Rule 16 and Rule 26 obligations and discovery in two forums would burden the parties, require counsel in separate forums and would require the labor of two federal courts.

Second, the Motion to Dismiss raises threshold jurisdiction and venue challenges that are appropriately resolved before time consuming and costly discovery begins. No party resides in Florida, and the key events occurred outside of Florida.

Third, this case is in its early stages. The Complaint was filed January 9, 2025. All Defendants joined in the Motion to Dismiss filed on January 31, 2025. No scheduling conference

has occurred. The Court issued its Scheduling Order the business day following the Defendants' appearances. These circumstances justify the Court using its discretion to stay Rule 16 and Rule 26(a)(1) obligations and merits-based discovery until the jurisdictional and venue issues are resolved.

### B. Defendants Establish the Reasonableness and Good Cause Standard to Obtain a Stay

A stay of discovery is suitable here as Defendants' Motion to Dismiss seeks to dispose of the entire action as it pertains to the moving Defendants. The Eleventh Circuit has consistently held that courts do not abuse their discretion in staying discovery pending resolution of a motion to dismiss that would dispose of the entire action. *See e.g. Horsley*, 304 F.3d at 1131 n.2 (district court did not err in suspending discovery because "there was no need for discovery before the district court ruled on [dispositive] motions").

Here, Defendants have filed a comprehensive Motion to Dismiss challenging this Court's personal jurisdiction, venue, and the legal sufficiency of all claims. The Motion to Dismiss presents substantial grounds for dismissal.

This Court lacks personal jurisdiction over the Defendants, as none reside in Florida and the Complaint fails to allege facts establishing the requisite minimum contacts. [D.E. 13, pp. 14-20]. Venue is improper in this District because no Defendant resides here and a substantial part of the events giving rise to the claim are not alleged to have occurred here. [D.E. 13, pp. 20-22].

If the Court grants the Motion to Dismiss, which presents legitimate grounds for dismissal, scheduling matters, pretrial matters and any merits discovery would be unnecessary. Conversely, imposing scheduling, requiring pretrial matters and merits discovery to proceed while the Motion to Dismiss remains pending would impose substantial and avoidable costs on the parties. The prejudicial effect of merits discovery is particularly acute given none of the parties reside in Florida

6

and instead, are spread across multiple states in the Northeast, United States. None of the parties reside in Florida or have substantial contacts to Florida.

As the Eleventh Circuit has emphasized, courts should not permit parties to incur the costs of discovery if a pending motion to dismiss may dispose of the action. *See Chudasama*, 123 F.3d at 1370. Proceeding with discovery before resolving threshold jurisdictional and pleading defects "imposes unnecessary costs and encourages abusive discovery." *Id.*

### C.     The Parties Will Not Be Prejudiced by Entry of a Stay

When balanced against the unnecessary burden and expense of proceeding with discovery that may prove pointless, a stay is clearly warranted. *See Chudasama*, 123 F.3d at 1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided").

Any potential prejudice to Plaintiff is outweighed by the burden that would be imposed on the Defendants if a stay is not entered. Defendants would be forced to participate in costly pretrial planning, scheduling, deadlines and discovery despite the existence of substantial grounds for dismissal based on lack of personal jurisdiction and improper venue.

Further, the Plaintiff has since voluntarily chosen to remove PCW-DE's Delaware state court action to a separate federal district court. There is no reason two federal courts should labor over this dispute or for the parties to conduct Rule 16 and 26 activities and parallel discovery in two separate federal districts.  Thus, no prejudice exists.

### D.     The Early Stage of This Matter Supports a Stay of Discovery

The early timing of this Motion weighs strongly in favor of granting a stay. *See Glaze Supply Co., Inc. v. Canyon Power Sols.*, LLC, No. 6:21-CV-1841-ACC-GJK, 2021 WL 9333860,

at *1 (M.D. Fla. Nov. 30, 2021) (granting stay where case was "at an early stage" as it "was removed less than a month ago, and neither Defendant has answered the Complaint").

This action is in its early stages. The Defendants filed their Motion to Dismiss on January 31, and the Court issued its scheduling order on February 3. [D.E. 15]. Plaintiff has advised he intends to request a short extension (which Defendants do not oppose) until February 24, to file his responses to the pending defense motions. No scheduling conference or discovery has commenced.

## V. CONCLUSION

A stay would promote judicial economy, prevent waste of resources, and imposes no prejudice. For the foregoing reasons, Defendants respectfully request that this Court enter an Order staying all Rule 16, Rule 26(a)(1) obligations, including the Court's Order [D.E. 15] and merits-based discovery pending resolution of their Motion to Dismiss.

### LOCAL RULE 7.1(a)(2) CERTIFICATION

I HEREBY CERTIFY that counsel for Defendants and counsel for Plaintiff conferred via Zoom video conference on February 5, 2025, in a good faith effort to resolve the issues raised in this motion and were unable to do so.

Dated:  February 5, 2025                      LEWIS BRISBOIS BISGAARD & SMITH LLP


/s/ *Stacy M. Schwartz*
Kenneth J. Joyce (FBN 986488)
Ken.Joyce@lewisbrisbois.com
kimberly.hill@lewisbrisbois.com
Stacy M. Schwartz (FBN 520411)
Stacy.Schwartz@lewisbrisbois.com
ftlemaildesig@lewisbrisbois.com
Diego Elias (FBN 1058026)
Diego.Elias@lewisbrisbois.com
mary.morgan@lewisbrisbois.com
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Tel:     954.728.1280
Fax:    954.678.4090

Elizabeth R. Brusa (FBN 125655)
Elizabeth.brusa@lewisbrisbois.com
aviva.pasternak@lewisbrisbois.com
401 E. Jackson Street, Suite 3400
Tampa, FL 33602
Tel:    813.739.1900
Fax:   813.739.1919

*Attorneys for Defendants, Martin Crotty, Harrison Macris, Braley Werntz, and Princeton CarbonWorks, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2025, I electronically filed the foregoing **DEFENDANTS' MOTION TO STAY RULE 16, RULE 26 OBLIGATIONS AND MERITS-BASED DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below counsel of record:

Luke Thomas Jacobs, Esq.
ljacobs@wdpalaw.com
Victoria Max, Esq.
vmax@wdpalaw.com
Brian S. Dervishi, Esq.
bdervishi@wdpalaw.com
Weissman & Dervishi P.A.
1 SE 3rd Avenue, Suite 1700
Miami, FL 33131
Tel:    305-347-4070

/s/ *Stacy M. Schwartz*
Stacy M. Schwartz